1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**

RAYMOND GUERRERO,

                         Plaintiff,

         v.

CITY OF BREMERTON, a Washington
State Municipal Corporation; KEVIN LONG,
a City of Bremerton Police Officer;
VARIOUS UNKNOWN BREMERTON
POLICE OFFICERS,

                        Defendants.

**Case No. C06-5536 JKA**

**ORDER DENYING DEFENDANTS'
MOTION FOR SUMMARY
JUDGMENT**

      This matter comes before the court on Defendants Kevin Long and City of Bremerton's Motion for Summary Judgment. The court has considered defendant's motion, plaintiff's response, and defendant's reply (Doc# 18 thru 30) together with all supporting materials. In addition the court has considered the files and records herein.

      Summary Judgment may only be granted when viewing the facts in the light most favorable to the nonmoving party, there is no genuine issue of material fact which would preclude summary judgment as a matter of law. A review of the record suggests the following "disputed" and "undisputed" facts.

**The apparent undisputed facts include the following:**

1.  Plaintiff's mother called 911 on October 13, 2004, reporting that her son, the plaintiff, had ingested prescription medication while consuming alcohol at her house.

2.  Bremerton Police responded to the 911 call.

3.  Plaintiff's sister admitted the officers into the home.

4.  Officer Litts located plaintiff upstairs in his bedroom, having been advised that plaintiff was possibly suicidal.

5.  Plaintiff angrily ordered Officer Litts to leave.

ORDER
Page - 1

6. Officer Litts called for backup and exited plaintiff's bedroom.

7. Plaintiff pursued Officer Litts, following him out of the house.

8. Additional Bremerton Police Officers arrived at the scene.

9. A confrontation ensued, the exact nature of which is disputed.

10. Plaintiff ultimately turned and started walking back into the residence.

11. Plaintiff was tasered and fell to the ground.

12. Plaintiff was then tasered a second time.

13. Plaintiff was arrested and cuffed.

14. Emergency medical aid arrived after the plaintiff was arrested.

15. Plaintiff/family requested plaintiff be given medical attention.

16. Defendant officers made the decision to transport plaintiff to jail rather than turn him over to medical personnel.

17. Plaintiff was cuffed and taken to the Kitsap County Jail.

18. Within hours plaintiff was transported from the Jail to Harrison Hospital.

19. The hospital detected no injuries or emergent situation and released plaintiff.

20. Plaintiff's sister filed a complaint with the Bremerton Police Department following the arrest and received a letter of regret from the Operations Commander and a letter of apology from defendant, Kevin Long.

**The apparent disputed facts include the following:**

1. 911 call by plaintiff's mother was for medical attention as opposed to police.

2. Degree of confrontation between plaintiff and Officer Litts in plaintiff's bedroom.

3. Plaintiff's behavior as he followed Litts from the house.

4. Plaintiff's behavior as he stood on deck outside the home confronting Officer(s) on the lawn.

5. Who ordered the tasers.

6. The necessity of the initial taser.

7. Degree of resistance after first taser and necessity of the second taser.

8. Behavior of officers during and following tasering.

9. Alleged rude and offensive language by officers to plaintiff and his family.

10. Request for medical attention for plaintiff before transport to jail.

1    11. Officers knowledge of plaintiff's mental/physical health condition.

2    12. Directions to paramedic who arrived at scene.

3    **The parties identify the following issues to be resolved in their pleadings**:

4    1. Was there probable cause to arrest plaintiff?

5    2. Is Long entitled to Qualified Immunity for alleged abusive language?

6    3. Is Long entitled to Qualified Immunity for directing officers to use taser(s)?

7    4. Is Long entitled to Qualified Immunity for directing that plaintiff be taken to jail instead of hospital?

8    5. Does plaintiff have a civil rights claim against City – is there a city policy or practice at issue?

9    6. Is there a Tort of Outrage Claim (extreme or outrageous conduct)?

10   7. Is plaintiff entitled to punitive damages?

11   8. Was there probable cause to arrest plaintiff?

Defendants submit that there was, as a matter of law, probable cause to arrest plaintiff. Defendant Kevin Long argues qualified immunity, use of reasonable force, and lack of a clearly established law regarding the allegations of abusive language, directions to use the taser, and directions to take plaintiff to jail instead of the hospital. The City of Bremerton argues that plaintiff is unable to establish an official policy or practice that violated plaintiff's constitutional rights. Thus, the court must determine whether or not the officer in question could have believed his conduct was proper.

**1.  Probable Cause to Arrest**. Plaintiff and his family assert that the 911 call was for medical assistance because plaintiff was potentially suicidal. For reasons unclear to the court at this time, both the Bremerton Police Department and emergency medical help arrived at the scene in that order. It appears that the arrest occurred before the emergency medical personnel arrived. Defendants assert probable cause to arrest for obstruction of a law enforcement officer and assault. Because of the disputed issues of fact regarding the plaintiff's actions, there appears to be a question of fact as to whether or not they rose to the level of assaultive behavior given the totality of the circumstances. Because of the disputed issues of fact regarding the plaintiff's actions, there appears to be a question of fact as to whether or not they rose to the level of assaultive behavior and/or obstruction of a law enforcement given the totality of the circumstances.

**2.  Qualified Immunity**. As defendant notes, defendants are entitled to qualified immunity from civil damages if their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. The existence of qualified immunity generally turns on the objective

1
2
3
4

reasonableness of the officers' actions, without regard to the knowledge or subjective intent of the particular officer. In order to prevail on a defense of qualified immunity, plaintiff must show that the right is so clearly established that the unlawful action of the official is apparent such that the official would understand that what he is doing violates the right at issue.

5
6
7
8
9
10
11
12
13
14
15
16

Subsequent to the event it is undisputed that plaintiff's sister complained to the Bremerton Police Department. It is also undisputed that she received in response (a) an acknowledgment from the Operations Commander that the officers needed to be trained as to where suicidal subjects were to be taken (the implication being to the hospital as opposed to jail), and that there was a need to discipline defendant Kevin Long for his behavior during the incident; and (b) an apology from defendant Long stating among other things, "I don't know what got into me," and "please be assured that my conduct that evening, in no way reflects the training or policies of the Bremerton Police Department and is in no way typical of myself or any other officer on t he police force." Given defendant Long's seeming acknowledgment that his behavior was not consistent with the training or policies of the Bremerton Police Department, it would appear that qualified immunity cannot as a matter of law dictate summary judgment at this time. The combined content of the correspondence from Commander Wolfe and Officer Long at the least imply a violation of existing policies, leaving them at issue.

17
18
19
20
21
22
23
24
25
26

**2. Tort of Outrage**. In order for plaintiff to prevail on his state claim he must establish (1) extreme and outrageous conduct on the part of the defendant(s), (2) intentional or reckless infliction of emotional distress, and (3) actual result to plaintiff of severe emotional distress. *Birklid v. Boeing Co.*, 127 Wn.2d 853 (1995). Defendants argue that they should be granted summary judgment because defendants' conduct was "reasonable, constitutional and lawful." Without admitting any offensive conduct, but allowing plaintiff's the benefit of the doubt for purposes of this motion, defendants argue that mere insults and offensive comments do not rise to the level of outrage, and such has been held to be the case in *Grimsby v. Samson* 85 Wn.2d 52 (1975). Plaintiff's allegations in this case, however go beyond allegations of insults and offensive comments. They include allegations of unreasonable use of tasers and refusal to allow plaintiff immediate medical attention. It is a question for the jury to determine whether or not these allegations are true, and if so, whether or not in combination they rise to the level of "outrage."

27

**Defendants' Motion for Summary Judgment is denied**.

Dated this 26th day of October 2007.

**/s/ J. Kelley Arnold**, **United States Magistrate Judge**

28

ORDER
Page - 4

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

ORDER
Page - 5